FILED

2012 OCT 17 PM 3: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY ___LAW___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THE BANK OF NEW YORK ) Case No. CV 12-8277-UA-DUTY
MELLON, )
                            )
            Plaintiff, ) ORDER SUMMARILY REMANDING
                            ) IMPROPERLY REMOVED ACTION
        vs.                 )
                            )
MARIA GALLARDO,             )
                            )
            Defendant.      )
_____ )

    The Court hereby summarily remands this unlawful-detainer

action to state court because Defendant removed it improperly.

    On September 25, 2012, Defendant Maria Gallardo, having been

sued in what appears to be a routine unlawful-detainer action in

California state court, lodged a Notice Of Removal of that action

to this Court and also presented an application to proceed

in forma pauperis.  The Court has denied Defendant's IFP

application under separate cover because the action was not

properly removed.  To prevent the action from remaining in

jurisdictional limbo, the Court issues this Order to remand it to

state court.

1

1       This action is not properly removed because Plaintiff could
2   not have brought it in federal court in the first place;
3   Defendant does not competently allege facts supplying either
4   diversity or federal-question jurisdiction, and therefore removal
5   is improper.  28 U.S.C. § 1441(a); see Exxon Mobil Corp. v.
6   Allapattah Servs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611,
7   2623, 162 L. Ed. 2d 502 (2005).  Even if complete diversity of
8   citizenship exists, the amount in controversy does not exceed the
9   diversity-jurisdiction threshold of $75,000.  See 28 U.S.C.
10  §§ 1332, 1441(b).  Although Defendant asserts that "the amount in
11  controversy includes up to, but is not limited to, an actuary
12  exceeding $75,000" (Notice of Removal at 2), removal is improper
13  if it is "facially apparent" from the complaint that the amount-
14  in-controversy requirement is not satisfied.  See Abrego Abrego
15  v. Dow Chem. Co., 443 F.3d 676, 690 (9th Cir. 2006).  Here, the
16  unlawful-detainer Complaint clearly recites that the amount in
17  controversy "does not exceed $10,000.00."[1]  (Compl. at 1.)

18      Nor does Plaintiff's unlawful-detainer action raise any
19  federal legal question.  See 28 U.S.C. §§ 1331, 1441(b).
20  Defendant appears to assert that federal-question jurisdiction
21  exists because Plaintiff's actions in bringing suit against her
22  violate her constitutional rights to due process and equal

---

[1] Moreover, even if the amount in controversy was ambiguous
from the face of the Complaint, which it is not, it would then be
Defendant's burden to submit "summary-judgment-type evidence" to
prove by a preponderance of the evidence that the amount-in-
controversy requirement had been satisfied.  See Abrego Abrego, 443
F.3d at 683, 690; Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395,
400 (9th Cir. 2010).  Defendant has not submitted any such
evidence.

protection.  (Notice of Removal at 2.)  To the extent Defendant's allegations constitute a counterclaim, they still do not provide a basis for federal-question jurisdiction.  It is well established that a suit "arises under" federal law within the meaning of § 1331 "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Vaden v. Discover Bank, 556 U.S. 49, 59, 12 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) (alteration in original).  Federal jurisdiction "cannot be predicated on an actual or anticipated defense," nor can it rest upon "an actual or anticipated counterclaim."  Id. at 60.  Because the Complaint on its face alleges only an unlawful-detainer action under state law, no basis for federal-question jurisdiction exists.  See HSBC Bank USA, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (remanding unlawful-detainer action because "no basis for 'federal question' jurisdiction" existed despite defendant's assertion of federal counterclaims).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court, Los Angeles County, 415 West Ocean Boulevard, Long Beach, California, 90802, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of it on the parties.

IT IS SO ORDERED.

DATED: 10/16/12

_____
GEORGE H. KING
CHIEF U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

3